IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ISAAC OSEI AFOAKWA | **I N D I C T M E N T**<br><br>Case No. _____<br><br>Violations:  18 U.S.C. §§ 1028A, 1035(a)(2), and 1343; 26 U.S.C. § 7206(2) |

**Background**

1. ISAAC OSEI AFOAKWA ("AFOAKWA") is a self-employed pastor and entrepreneur who resided in Bismarck, North Dakota, within the District of North Dakota, at all times pertinent to this Indictment. AFOAKWA reported modest income to the IRS on his Form 1040 in tax years 2020 and 2021.

2. From March 2020 through the date of this indictment, AFOAKWA knowingly devised, and intended to devise, and participated in a scheme to defraud in which he caused to be transmitted in interstate commerce applications for approximately thirty-four Paycheck Protection Program loans and another eight Economic Injury Disaster loans for various businesses, altogether totaling $1,615,944. The applications were supported by false and fraudulent documents, and the businesses appeared designed primarily to accept PPP loan deposits. The entire amount of the funds were disbursed into accounts belonging to, maintained, or controlled by AFOAKWA. AFOAKWA failed to report the illicit PPP and EIDL proceeds on his tax year 2020 and 2021 Forms 1040, resulting in a total tax due and owing of $203,782 for both years. AFOAKWA took steps to conceal and obscure the source of the scheme proceeds.

## PPP:  The Paycheck Protection Program

3. The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters. As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans have government-backed guarantees.

4. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in March 2020 and was designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. Two sources of relief provided by the CARES Act were the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). The other was in the form of Economic Injury Disaster Loans ("EIDL") made available to assist small businesses and nonprofit organizations meet financial obligations and operating expenses that could have been met had the disaster not occurred.

5. To obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and to make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application (SBA Form 2483), the

small business (through its authorized representative) was required to certify, among other things: (a) that the small business was in operation on February 15, 2020; (b) average monthly payroll expenses; and (c) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.

6. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were guaranteed by the SBA. Data from the application, including the information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

7. PPP loan proceeds were required to be used on certain permissible expenses, including payroll costs, mortgage interest, rent, and utilities. Under the applicable PPP rules and guidance, the interest and principal on the PPP loan is eligible for forgiveness if the business spent the loan proceeds on these expense items within a designated period of time and used a certain portion of the loan towards payroll expenses.

### BTS Non-Emergency Medical Transportation

8. One of AFOAKWA's businesses is Bismarck Transportation Service ("BTS"). AFOAKWA was the owner and director of BTS, which made numerous materially false, fictitious, and fraudulent statements or representations to North Dakota Medicaid in connection with the delivery of or payment for health care benefits or services in 2022 and 2023. The false, fictitious, and fraudulent statements include billing

for transportation that was not provided, up charging for the type of vehicle used, and billing for rides for no corresponding medical appointment. The false and fraudulent statements resulted in North Dakota Medicaid overpaying BTS approximately $100,000.

9. BTS is enrolled as a provider with North Dakota to provide non-emergency medical transportation ("NEMT") for North Dakota Medicaid members. BTS picks up Medicaid members as needed, transports the members to medical appointments for covered services, and returns the members back to their home or pickup location, as needed. In return, North Dakota Medicaid reimburses BTS according to an established fee schedule. The reimbursement rate depends on a number of factors, including the type of vehicle, whether the member is ambulatory, the length of trip, and whether a portion of the trip is unloaded.

10. Blue Cross Blue Shield of North Dakota administers the North Dakota Medicaid Expansion Program ("North Dakota Medicaid").

## Wire Fraud Scheme

11. AFOAKWA devised or intended to devise a scheme to defraud the Small Business Administration by applying for PPP loans for numerous businesses in order to obtain money by false and fraudulent pretenses, representations, or promises.

## Manner and Means

12. It was part of the scheme to defraud that AFOAKWA applied for PPP loans for businesses that were created to receive PPP loans and also for businesses that were not in operation.

13. It was further part of the scheme to defraud that AFOAKWA used his own identity, as well as the identities of other people, to apply for loans for businesses that he owned. AFOAKWA used the identities of other people both with and without permission. AFOAKWA also applied for PPP loans for business owned or controlled by other people.

14. It was further part of the scheme to defraud that AFOAKWA used identification of other individuals to apply for PPP loans.

15. It was further part of the scheme to defraud that AFOAKWA opened bank accounts for the purpose of applying for PPP loans and receiving PPP loan funds.

16. It was further part of the scheme to defraud that PPP and EIDL loan applications were supported with false and fraudulent tax forms, Secretary of State documents, and/or bank statements. The false and fraudulent forms, documents, and statements were electronically transmitted to lenders and the SBA using IP addresses associated with AFOAKWA's residence.

17. It was further part of the scheme to defraud that AFOAKWA reproduced false and fraudulent forms, documents, and statements in whole or in part so that the same numbers repeated on numerous applications.

18. It was further part of the scheme to defraud that AFOAKWA received hundreds of thousands of dollars of illicit funds into his bank accounts, regardless of the identity of the applicant or the business applying for a loan.

19. It was further part of the scheme to defraud that AFOAKWA took steps to conceal and obscure the source of his illicit gains.

COUNT ONE

**Wire Fraud**

The Grand Jury Charges:

Paragraphs 1–19 are reincorporated here by reference.

On or about August 25, 2020, in the District of North Dakota and elsewhere,

ISAAC OSEI AFOAKWA,

for the purpose of executing the wire fraud scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce an application for a PPP loan for Afoakwa and Sons LLC from his residence in Bismarck, North Dakota, to MBE Capital Partners LLC in New Jersey;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

**Wire Fraud**

The Grand Jury Further Charges:

Paragraphs 1–19 are reincorporated here by reference.

On or about August 25, 2020, in the District of North Dakota and elsewhere,

ISAAC OSEI AFOAKWA,

for the purpose of executing the wire fraud scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce an application for a PPP loan for Afoakwa Ventures LLC from his residence in Bismarck, North Dakota, to MBE Capital Partners LLC in New Jersey;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

**Wire Fraud**

The Grand Jury Further Charges:

Paragraphs 1–19 are reincorporated here by reference.

On or about March 26, 2021, in the District of North Dakota and elsewhere,

ISAAC OSEI AFOAKWA,

for the purpose of executing the wire fraud scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce an application for a PPP loan for Bismarck Christian Home Care from his residence in Bismarck, North Dakota, to ReadyCap Lending, LLC, in New Jersey;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

**Wire Fraud**

The Grand Jury Further Charges:

Paragraphs 1–19 are reincorporated here by reference.

On or about March 6, 2021, in the District of North Dakota and elsewhere,

ISAAC OSEI AFOAKWA,

for the purpose of executing the wire fraud scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce an application for a PPP loan for Grace Action Chapel Int. from his residence in Bismarck, North Dakota, to Itria Ventures LLC, in New York;

In violation of Title 18, United States Code, Section 1343.

## COUNT FIVE

**Wire Fraud**

The Grand Jury Further Charges:

Paragraphs 1–19 are reincorporated here by reference.

On or about April 22, 2021, in the District of North Dakota and elsewhere,

ISAAC OSEI AFOAKWA,

for the purpose of executing the wire fraud scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce an application for a PPP loan for P & U LLC from his residence in Bismarck, North Dakota, to MBE Capital Partners, in New Jersey;

In violation of Title 18, United States Code, Section 1343.

## COUNT SIX

**Wire Fraud**

The Grand Jury Further Charges:

Paragraphs 1-19 are reincorporated here by reference.

On or about June 4, 2021, in the District of North Dakota and elsewhere,

ISAAC OSEI AFOAKWA,

for the purpose of executing the wire fraud scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce an application for a PPP loan for Victory Church of God from his residence in Bismarck, North Dakota, to Amur Equipment Finance;

In violation of Title 18, United States Code, Section 1343.

## COUNT SEVEN

### Aggravated Identity Theft

The Grand Jury Further Charges:

Paragraphs 1-19 are reincorporated here by reference.

On or about June 4, 2021, in the District of North Dakota and elsewhere,

### ISAAC OSEI AFOAKWA

did knowingly transfer, possess, and use without lawful authority, a means of identification of another person, including the name and social security number of a known victim, B.O., during and in relation to activity in connection with wire fraud, a felony enumerated in Title 18, United States Code, Section 1028A(c);

In violation of Title 18, United States Code, Section 1028A.

## COUNT EIGHT

### Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent Tax Return

The Grand Jury Further Charges:

Paragraphs 1-19 are reincorporated here by reference.

On or about May 23, 2021, in the District of North Dakota and elsewhere,

### ISAAC OSEI AFOAKWA

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service of a Form 1040 tax return for calendar year 2020, which was false and fraudulent as to a material matter. That Form 1040 reported total income of $17,700 and failed to report PPP loan and EIDL proceeds of $257,500, resulting in a tax refund of $5,511 when AFOAKWA should have paid tax in the amount of $64,896;

In violation of Title 26, United States Code, Section 7206(2).

## COUNT NINE

### Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent Tax Return

The Grand Jury Further Charges:

Paragraphs 1–19 are reincorporated here by reference.

On or about January 27, 2022, in the District of North Dakota and elsewhere,

### ISAAC OSEI AFOAKWA

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service of a Form 1040 tax return for calendar year 2021, which was false and fraudulent as to a material matter. That Form 1040 reported total income of $16,465 and failed to report PPP loan and EIDL proceeds of $412,877, resulting in a tax refund of $6,654 when AFOAKWA should have paid tax in the amount of $122,044;

In violation of Title 26, United States Code, Section 7206(2).

COUNT TEN

**False Statements Relating to a Health Care Benefit Program**

The Grand Jury Further Charges:

Paragraphs 1–19 are reincorporated here by reference.

On or about May 20, 2024, in the District of North Dakota,

ISAAC OSEI AFOAKWA,

in a matter involving a health care benefit program, knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, or made a materially false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry, to wit: AFOAKWA submitted a claim to Blue Cross Blue Shield of North Dakota for providing round-trip non-emergency medical transport for K.L. on October 23, 2023, October 24, 2023, and October 25, 2023, from K.L.'s residence in Bismarck, North Dakota, to a treatment center in Bismarck, North Dakota, when the claim was materially false in several respects: 1) the Medicaid beneficiary, K.L., was incarcerated and not at her residence; and 2) the treatment appointments did not take place;

In violation of Title 18, United States Code, Section 1035(a)(2).

## COUNT ELEVEN

**False Statements Relating to a Health Care Benefit Program**

The Grand Jury Further Charges:

Paragraphs 1–19 are reincorporated here by reference.

On or about June 28, 2022, in the District of North Dakota,

### ISAAC OSEI AFOAKWA,

in a matter involving a health care benefit program, knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, or made a materially false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry, to wit: AFOAKWA submitted a claim to Blue Cross Blue Shield of North Dakota for providing round-trip non-emergency medical transport for D.R. on April 17, 2022, and April 18, 2022, from D.R.'s residence in New Salem, North Dakota, to a treatment center in Bismarck, North Dakota, when the claim was materially false in several respects: 1) the claim charged transportation in a mini-bus (defined as a bus with capacity between 8 and 15 passengers) when in fact transportation was provided in a vehicle that qualified for a lower billing rate; 2) the Medicaid beneficiary, D.R., was incarcerated and not at her residence; and 3) the treatment appointments did not take place;

In violation of Title 18, United States Code, Section 1035(a)(2).

## COUNT TWELVE

**False Statements Relating to a Health Care Benefit Program**

The Grand Jury Further Charges:

Paragraphs 1–19 are reincorporated here by reference.

On or about October 7, 2022, in the District of North Dakota,

ISAAC OSEI AFOAKWA,

in a matter involving a health care benefit program, knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, or made a materially false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry, to wit:  AFOAKWA submitted a claim to Blue Cross Blue Shield of North Dakota for providing round-trip non-emergency medical transport for B.W. on April 17, 2022, and April 18, 2022, from B.W.'s residence in New Salem, North Dakota, to a treatment center in Bismarck, North Dakota, when the claim was materially false in several respects:  1) the claim charged transportation in a mini-bus (defined as a bus with capacity between 8 and 15 passengers) when in fact transportation was provided in a vehicle that qualified for a lower billing rate; 2) the Medicaid beneficiary, B.W., was incarcerated and not at his residence; and 3) the treatment appointment did not take place;

In violation of Title 18, United States Code, Section 1035(a)(2).

FORFEITURE NOTICE

Upon conviction of any Counts 1–6 and 10–12, charged in this Indictment,

ISAAC OSEI AFOAKWA

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), 18 U.S.C. § 981(a)(1)(D), and 28 U.S.C. § 2461(c), all of his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1035 or 18 U.S.C. §1343, respectively, including but not limited to:

> A sum of United States currency in the form of a Money Judgment representing the amount of proceeds obtained as a result of the offenses.

If any of the assets described above as being subject to forfeiture, pursuant to 18 U.S.C. § 1035 or 18 U.S.C. § 1343, as a result of any act or omission of ISAAC OSEI AFOAKWA,

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred to, sold to, or deposited with, a third person;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be subdivided without difficultly,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendants up to the value of said property described above as being subject to forfeiture.

A TRUE BILL:

/s/ Foreperson
Foreperson

/s/ Jennifer Klemetsrud Puhl
JENNIFER KLEMETSRUD PUHL
Acting United States Attorney

MDG/ak