**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| United States of America, | |
| Plaintiff, | |
| vs. | Case No. 1:25-cr-00131 |
| Isaac Osei Afoakwa, | |
| Defendant. | |

**ORDER DENYING MOTION FOR RELEASE OF
FROZEN FUNDS FOR PAYMENT OF ATTORNEY**

[¶ 1]    THIS MATTER comes before the Court on a Motion for Release of Frozen Funds for Payment of Attorney filed by the Defendant on January 22, 2026. Doc. No. 25. The United States filed a Response on February 5, 2026. Doc. No. 26. Defendant did not reply but, instead, filed a Motion for Hearing on March 6, 2026, approximately 22 days after the Reply deadline.[1] Doc. No. 31. For the reasons set forth below, Defendant's Motions are **DENIED**.

[¶ 2]    Defendant requests the Court to release $46,400.00 from a Dakota Community Bank and Trust account ending in 5969 to pay for attorney fees. He argues that not releasing the funds will violate his right to counsel under Luis v. United States, 578 U.S. 5 (2016). Luis, however, concluded defendants have "a Sixth Amendment right to use [their] own 'innocent' property to pay a reasonable fee for the assistance of counsel." Id. at 23. Defendant claims the assets at issue are untainted because he objects to their forfeiture.

[¶ 3]    The Supreme Court in Kaley v. United States held whether disputed assets should be released depends upon whether there is probable cause "to believe that the assets in dispute are

---

[1] See D.N.D. Crim. L. R. 47.1(A)(1) (setting a seven day Reply deadline in criminal cases).

traceable or otherwise sufficiently related to the crime charged in the indictment." 571 U.S. 320, 324 (2014). This entails a two-part inquiry. The first part asks whether "the defendant has committed an offense permitting forfeiture." Id. 323. The second part asks whether "the property at issue has the requisite connection to that crime." Id. at 324.

[¶ 4]    Both inquiries under Kaley are easily answered in the affirmative here. The grand jury has indicted the Defendant with six counts of Wire Fraud, one count of Aggravated Identity Theft, two counts of Aiding and Abetting in the Preparation and Presentation of a False and Fraudulent Tax Return, and three counts of False Statements Relating to a Health Care Benefit Program. Doc. No. 1. The grand jury has a "singular role in finding the probable cause necessary to initiate a prosecution for a serious crime" and this Court will not second-guess that determination here. Kaley, 571 U.S. at 328. The crimes as charged show probable cause his assets are subject to forfeiture under 18 U.S.C. § 982(a)(7), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c) (incorporating 21 U.S.C. § 853(p)) as noted in the Forfeiture Notice in the Indictment. See Doc. No. 1, p. 18. The first inquiry is, therefore, satisfied.

[¶ 5]    The second inquiry, whether the specific property at issue is connected to the crime, is also easily satisfied. As outlined by the United States, there is probable cause to believe the assets were obtained through fraudulent representations that are connected to the crimes charged. The Defendant's only counter to this argument is he is challenging the forfeiture. He provides no evidence to suggest the assets are not connected to the crimes as charged. Indeed, "there is no exemption from § 853's forfeiture or pretrial restraining order provisions for assets which a defendant wishes to use to retain an attorney." United States v. Monsanto, 491 U.S. 600, 614 (1989). The second inquiry is, therefore, satisfied.

[¶ 6]    In short, the Court finds there is no violation of the Defendant's Sixth Amendment right to counsel by not releasing the clearly tainted funds at issue. If the Defendant is unable to pay his

- 3 -

retained counsel, Counsel may apply for appointment under the Criminal Justice Act (18 U.S.C. § 3006A) to secure payment for their services in this case.

[¶ 7]    For the foregoing reasons, the Defendant's Motion for Release of Frozen Funds for Payment of Attorney is **DENIED**. Because the Court is fully apprised of the law and facts at issue in this matter, Defendant's request for a hearing is **DENIED**.

[¶ 8]    **IT IS SO ORDERED**.

DATED April 8, 2026.

Daniel M. Traynor, District Judge
United States District Court